# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **PETER CHRISTIAN BOULETTE**            ) | |
| ) | |
| **vs.**            ) | **Case No. 2:09-cv-08004-RDP-HGD** |
| ) | |
| **UNITED STATES OF AMERICA**            ) | |

## O R D E R

On April 2, 2010, the Magistrate Judge's Report and Recommendation was entered and the parties were allowed therein fourteen (14) days in which to file objections to the recommendations made by the Magistrate Judge. On April 16, 2010, Petitioner filed objections to the Magistrate Judge's Report and Recommendation.

After careful consideration of the record in this case and the Magistrate Judge's thorough and well-reasoned Report and Recommendation,[1] along with Petitioner's

---

[1] The court simply offers one additional point not mentioned by the Magistrate Judge in his comprehensive Report and Recommendation. During the Government's case in chief, Guy Warren testified about discussions he had with Victoria Thompson on the night Warren conducted the search at issue here. Petitioner contends that Warren's testimony about Thompson's statements was hearsay, and that his trial counsel was deficient when he failed to assert a hearsay objection. However, to the extent that the testimony regarding Thompson's statements was offered to explain what effect they had on Warren (*i.e.*, why he only searched part of the apartment), the statements were offered not for the truth of the matter asserted, but rather to show their effect on the listener (Warren). Thus, the statements – to the extent offered for that limited purpose – were not hearsay.

 Moreover, Petitioner also complains that his trial counsel's performance was deficient because he called Thompson to testify at trial. He argues that if Thompson had not been called as a witness, her statements to Warren would not have been admitted through Warren's testimony. However, even if Thompson had not been called to testify, Warren's testimony about Thompson's statements – if offered for a non-hearsay purpose – could have been used to explain why Warren limited the scope of the search to the master bedroom.

objections thereto, the court hereby **ADOPTS** the Report of the Magistrate Judge. The court further **ACCEPTS** the Recommendations of the Magistrate Judge and it is therefore

**ORDERED**, **ADJUDGED** and **DECREED** that the Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255, is due to be and is hereby **DENIED** and this action **DISMISSED**.

**DONE** and **ORDERED** this ___23rd___ day of April, 2010.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

Of course, the point became moot when Thompson testified in Defendant's case that she and Petitioner resided in the second bedroom, not the one that was searched. At that point, the Government would have been able to elicit from Warren testimony about Thompson's statements that night to show that Thompson had made prior inconsistent statements. Petitioner's trial counsel's failure to object on hearsay grounds to this testimony simply is not a *Strickland* violation.